IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA ANN KELLY,

    Appellant,

v.                                          Civil Action No. PX-18-2345

NANCY SPENCER GRIGSBY,

    Appellee.

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Appellant Barbara Ann Kelly's ("Kelly") emergency motion for stay pending appeal. ECF No. 18. Appellee Trustee Nancy Spencer Grigsby (the "Trustee") opposes the motion. ECF No. 19. The matter has been fully briefed and no hearing is necessary. D. Md. Loc. R. 105.6. For the reasons that follow, the motion is DENIED.

This action commenced when Kelly, pro se, noted her appeal from the Bankruptcy Court's dismissal of her Chapter 13 bankruptcy case. ECF No. 1. On February 12, 2019, Kelly filed with the Bankruptcy Court an emergency motion to stay the dismissal pending appeal with the express purpose of halting the foreclosure sale of real property in Naples, Florida, scheduled to take place on February 28, 2019. BK No. 18-13244-WIL, Dkt. No. 113. The Bankruptcy Court denied the motion to stay on February 14, 2019. BK No. 18-13244-WIL, Dkt. No. 116. As grounds for the denial, the Bankruptcy Court reiterated that "Kelly was ineligible for Chapter 13 because her debts exceeded the statutory limits," and found that the motion to stay was "nothing more than a veiled attempt to seek injunctive relief against U.S. Bank to stop the pending foreclosure." *Id.* at 3-4. This motion seeking the same stay followed. ECF No. 18; Fed. R. Br. P. 8007.

1

Courts in this Circuit consider motions to stay pending appeal under the *Long* test and the *Real Truth* test. *Rose v. Logan*, No. RDB-13-3592, 2014 WL 3616380, at *1 (D. Md. July 21, 2014). The *Long* test requires the party seeking a stay to show:

> (1) that [the movant] will likely prevail on the merits of the appeal, (2) that [the movant] will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

*Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). The *Real Truth* test substitutes the third factor of the *Long* test with the requirement that the movant show that "the balance of equities tips in his favor." *Coler v. Draper*, No. WDQ-12-2020, 2012 WL 5267436, at *3 (D. Md. Oct. 23, 2012) (quoting *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) and noting that "the courts of this circuit have applied *Real Truth* to stays pending appeal.").

Under either test, Kelly's emergency motion fails. First, Kelly is not likely to prevail on the underlying merits of her appeal. In the appeal, Kelly challenges the propriety of the Bankruptcy Court's dismissing the Chapter 13 case where judgments were subject to a "bona fide dispute," and contends that the Bankruptcy Court violated due process rights by denying her request for an evidentiary hearing. ECF No. 15. As to the claims subject to a bona fide dispute, the contention appears meritless because "[e]ven claims that are disputed as to liability must be counted in determining the debtor's eligibility for Chapter 13 relief." *In re Stern*, 266 B.R. 322, 327 (Bankr. D. Md. 2001). Likewise, Kelly's due process claim fares no better. She offers no support for why the Bankruptcy Court's determination that a hearing was unnecessary amounts to a constitutional due process violation. BK No. 18-13244-WIL, Dkt. No. 95 at 14. Accordingly, Kelly has not demonstrated that will likely prevail on the merits of her appeal.

As for the second factor, Kelly argues that she will suffer irreparable harm absent a stay because the Naples property will be sold at foreclosure for less than the current list price. Notably, Kelly frames the irreparable injury as the likelihood that the foreclosure sale price will be below market value. ECF No. 18 at 14. Any purported "injury," therefore, is monetizable, compensable, and not irreparable. *See Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994) ("Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable."). "A party does not normally suffer irreparable harm simply because it has to win a final judgment on the merits to obtain monetary relief." *Id.* Thus, without more, Kelly cannot demonstrate irreparable harm. As to the third prong, the Trustee rightfully notes that a stay would harm U.S. Bank (which seeks the foreclosure), the Trustee, and all creditors because it will delay resolution of this outstanding claim. *See Rose v. Logan*, 2014 WL 3616380 at *4 ("The court proceedings for the sale of the property in question have lasted for well over a year. Granting a stay pending appeal will substantially injure the creditors because it will delay the payments owed to the creditors. . ."). Accordingly, the balance of equities tips in favor of the Trustee and all creditors. With regard to the fourth prong, the public maintains an interest in finality and prompt resolution of debts. The tortured history of this case militates against any further delay.

Because Kelly has failed to sustain her burden of demonstrating the propriety of a stay, it is this 26th day of February 2019, ORDERED that the emergency motion for stay pending appeal is DENIED.

| 2/26/2019 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |

3